ORIGINAL

JERRY Y. FONG, ESQ. (SBN 99673)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA 94302-1040
650/328-5510
650/853-3632 fax

Attorneys for Plaintiff CHRIS YIU

LISA CHAN, *In Pro Per*
44715 Aguilar Terrace
Fremont, CA 94589
510/249-6435
*In Pro Per*

FILED
2008 FEB 21 P [illegible]
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

Fee Paid
NP

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CHRIS YIU and LISA CHAN,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA, and
FEDERICO ROCHA, United States
Marshal,

    Defendants.

CASE NO.: C08 01051 PVT

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

Plaintiffs Chris Yiu and Lisa Chan hereby allege as follows:

## JURISDICTIONAL STATEMENT

1. Pursuant to 28 U.S.C. §1346 (a)(2) and 28 U.S.C. §2201 (a), this Court has jurisdiction over this matter because this is a claim against the United States found upon the United States Constitution and this matter contains a claim for declaratory relief as to the contractual rights and obligations of each of the Plaintiffs relative to the United States of America in the transactions and occurrences alleged in this action/claim.

## VENUE STATEMENT

2. Pursuant to 28 U.S.C. §1402 (b), venue in the Northern District of California and assignment to the San Jose Division of this Court are proper because a substantial part of the transactions and occurrences alleged in this action/claim are inextricably intertwined with, and related to, an earlier case filed in this Court (<u>Microsoft Corporation v. CHL Microsystems, Inc., and Kwai (Lisa) Chan</u>, Northern District of California Case No. C 98-20178 JF – the Microsoft Action) and/or a substantial part of the events or omissions which give rise to the claims alleged herein occurred in the aforementioned District and Division area.

## PARTY IDENTIFICATION

3. Plaintiff Chris Yiu is a resident of Alameda County. He is the husband of Plaintiff Lisa Chan (Kwai Chane) and the son-in-law of Plantiff Lai Heung Chan.

4. Plaintiff Lisa Chan (Kwai Chan) is a resident of Alameda County. She is the wife of Plaintiff Chris Yiu and the daughter of Plantiff Lai Heung Chan.

5. Defendant United States of America is the federal government whose actions or omissions gave rise to the claims alleged herein.

6. Defendant Federico Rocha, United States Marshal for the Northern District of California, is an agent of the United States of America and in charge of executing and collecting, on behalf the United States, on restitution judgments against criminal defendants. Rocha is the agent which has been designated by the United States to conduct the involuntary execution sale of the Plaintiffs' family home, located at 44715 Aguilar Terrace, Fremont, California, which is held as community property by Lisa Chan and Chris Yiu.

7. The sale of 44715 Aguilar Terrace home is scheduled for Tuesday, February 26, 2008 at 12:00 noon. A copy of the Notice of Sale is attached as Exhibit "A" to this Complaint and incorporated by reference.

I.

## FIRST CLAIM FOR RELIEF

(For Declaratory Relief)

1   8.   On February 27, 1998, Microsoft Corporation, a State of Washington corporation and a developer and manufacturer of computer software programs, filed a civil complaint initiating the Microsoft Action against CHL Microsystems, Inc., and Kwai (Lisa) Chan.  The complaint alleged that, in 1997 and 1998, through her ownership of CHL Microsystems, Lisa Chan had committed copyright and trademark infringement (and false designation of origin, and unfair competition) against Microsoft by selling and distributing counterfeit and copy-right infringing copies of Microsoft software products at prices far below retail.

9.   The Microsoft Action was filed with the San Jose Division of the United States District Court for the Northern District of California and assigned case number C-98-20178 JW (and subsequently reassigned to the Honorable Jeremy Fogel).

10.   Subsequently, in January, 1999, the parties (including Microsoft and Lisa Chan) settled the Microsoft Action by entering into a Settlement Agreement & Release (Settlement), with the Court retaining jurisdiction to enforce the Settlement.  As part of the Settlement, the parties stipulated to a Permanent Injunction to be entered by the Court.

11.   Pursuant to the parties' stipulation, the Honorable Jeremy Fogel ordered the Microsoft Action dismissed with prejudice and entered the Permanent Injunction, with the Court retaining jurisdiction to enforce the parties' Settlement, which was also incorporated into the Court's order dismissing the case.

12.   The Settlement required Lisa Chan to pay $50,000 to Microsoft, and agree to the entry of the Permanent Injunction, which enjoined Lisa Chan from committing future acts of copyright infringement against Microsoft. Attached to and incorporated in the Permanent Injunction was a form of order to be entered in the event Lisa Chan violated the Permanent Injunction. The form of order provided for the entry of a money judgment against Lisa Chan in the amount of $100,000. *The order further provided that $100,000 was the amount of Microsoft's damages for Lisa Chan's infringement activities prior to the execution of the Settlement, which was completed with execution on behalf of Microsoft on January 6, 1999.*

13. The Settlement also provided that Microsoft would release and discharge Lisa Chan from any further legal claim or causes of action which Microsoft had or may have against Lisa Chan arising out of the matters alleged in the complaint or any other acts of infringement by Lisa Chan against Microsoft prior to the date of the execution of the Settlement.

14. Subsequently, Microsoft alleged that Lisa Chan had violated the terms of the Settlement and the Stipulated Permanent Injunction by continuing to commit acts of copyright infringement against Microsoft after the settlement and dismissal of the 1998 civil action.

15. On June 22, 2000, the United States of America filed a criminal complaint against Lisa Chan in the United States District Court for the Northern District of California, case number of CR00-40146 CW.

16. On July 13, 2000, a criminal indictment was filed against Lisa Chan. The indictment alleged that between June 1999 and June 2000, Lisa Chan had committed acts of copyright infringement against Microsoft by selling and distributing illegal copies of Microsoft software products.

17. On February 12, 2001, Lisa Chan entered into a plea agreement, pleading guilty to one count of conspiracy to commit criminal copyright infringement.

18. In October 2001, in the Microsoft Action before Judge Fogel, Microsoft moved for the Entry of the stipulated Money Judgment (for $100,000) against Lisa Chan, for her alleged violations of the Settlement and the stipulated Permanent Injunction. Pursuant to Microsoft's motion, judgment in favor of Microsoft and against Lisa Chan in the amount of $100,000 was entered on January 29, 2002.

19. On December 6, 2002, sentence was imposed on Lisa Chan including an order of restitution in the sum of $4.5 million, purportedly for actual losses incurred by Microsoft Corporation. The Court gave Lisa Chan a credit of slightly more than $1.977 million toward restitution, from the transfer of a brokerage account which had been seized by the Government at the beginning of the case and turned over to Microsoft as restitution.

20. Despite the previous entry of judgment in favor of Microsoft against Lisa Chan in January 2002 for $100,000, which Microsoft had stipulated was the amount of its losses prior to January 6, 1999, there was included in the $4.5 million restitution order an amount of $915,508 allegedly for losses by Microsoft occurring prior to 1999.

21. In addition to the improper inclusion of the $915,508 in the restitution order, the order setting Lisa Chan's restitution obligation at $4.5 million was, at all times, contrary to law and therefore in excess of the Court's jurisdiction, in that, at the sentencing hearing, the Government presented no evidence (admissible or otherwise) which established the amount of any "actual losses" by Microsoft entitling to any restitution amount.

22. The restitution order was void as a matter of law for failing to follow the necessary statutory requirements, and in that the Government acknowledged at the sentencing hearing that there was no evidence to support a determination of the actual loss incurred by Microsoft.

23. An actual controversy now exists between Defendants United States of America and the Marshal, as its agent, on the one hand, and Plaintiffs Chris Yiu and Lisa Chan, on the other hand, regarding matters within this Court's jurisdiction.

24. Plaintiff Chris Yiu contends: (1) the Defendants are not legally entitled to sell the Fremont family home (including his share of the property) because the restitution order on which the sale is based is unlawful and void; (2) the restitution order is not a basis for the sale of his interest in the property because the sentencing court did not have jurisdiction over him and his interest in the property; (3) a sale of his interest cannot legally occur without his opportunity to present his claims and defenses showing that the restitution order was not supported by admissible evidence of actual loss by Microsoft from activities of Lisa Chan, that it was made in violation of applicable law, and is void with regard to him and his interest in the property. Plaintiff Yiu further contends that if he is given such opportunity, he would be successful in nullifying or negating the $4.5 million restitution amount so that instead of losing his family home, Lisa Chan would actually be entitled to obtain a reimbursement or refund of most of the $1.9 million already paid to Microsoft.

25. By contrast, Defendants contend that they are entitled to sell the Fremont family home to enforce the restitution judgment entered against Lisa Chan.

26. This dispute is ripe for the Court's adjudication of each party's rights and obligations and a proper subject for the Court to issue or render its declaration of the parties' rights and obligations.

27. Plaintiffs further contend that the provisional remedy of a preliminary injunction is proper in this case in that any real property is unique, they are likely to prevail on their claim the restitution order is contrary to law and void, and that the loss of the Fremont family home would result in irreparable harm to the Plaintiffs.

WHEREFORE, Plaintiffs pray judgment as follows:

1. For a declaration that the restitution order of $4.5 million is unsupported by admissible evidence and that it is contrary to law and void;

2. For an order quashing the writ of execution for the sale of the real property commonly known as 44715 Aguilar Terrace, Fremont, California.

3. For issuance of a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining defendants United States of America and Federico Rocha, United States Marshal from taking any further action to sell the real property commonly known as 44715 Aguilar Terrace, Fremont, California.

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

DATED: February 21, 2008            Respectfully submitted,

CAREY & CAREY

_/s/ Jerry Y. Fong_
JERRY Y. FONG, Attorneys for Plaintiff
CHRIS YIU

_/s/ Jerry Y. Fong for Lisa Chan_
LISA CHAN, *In Pro Per*

**United States Department of Justice**
**United States Marshals Service**
Northern District of California

# NOTICE OF SALE

Case No. CR 00-40146-01 CW

Brief Description of
Property to be Sold: Occupied Single family residence located at: 44715 Aguilar Terrace, Fremont, California, A.P.N.: 513-0265-020.

Date of Sale: February 26, 2008
Time of Sale: 12:00 noon
Place of Sale: Steps of Alameda County courthouse located at:
1225 Fallon Street, Oakland, CA 94612
Date and time of Preview: January 22, 2008 and January 29, 2008, between 10:00 a.m. and 1:00 p.m.

Pursuant to a Writ of Execution, dated November 4, 2004, issued by the United States District Court for the Northern District of California on a judgment rendered against Lisa Chan, in that Court on December 9, 2002, under Case No. CR-00-40146-06-01-CW, the United States Marshal, on November 18, 2004, levied upon Lisa Chan's (aka Kwai Fong Chan) undivided interest in the real property located at 44715 Aguilar Terrace, Fremont, California, (Assessor's Parcel No. 513-0265-020).

NOTICE IS HEREBY GIVEN that, pursuant to the Writ of Execution, the United States Marshal will sell the real property located at 44715 Aguilar Terrace, Fremont, California, (Assessor's Parcel No. 513-0265-020), at public auction on the Steps of Alameda County Courthouse, located at 1225 Fallon Street, Oakland, California, on February 26, 2008, at 12:00 p.m. (Noon), to the highest bidder for cash, or a certified or cashier's check, subject to the following terms and conditions:

1. The minimum bid price shall be $700,000.00 with increments of $10,000.00.

2. The successful bidder shall:

   a. pay the entire purchase price in cash, or by certified or cashier's check, at the time of the execution sale; or

   b. pay 10% of the winning bid in cash, or by certified or cashier's check, at the time of the execution sale, and pay the remainder of the purchase price in cash, or by certified or cashier's check, within seven business days following the day of the execution sale by delivering the remainder of the purchase price to the United States Marshal before the close of business on the seventh business day following the execution sale.

3. In the event that the successful bidder at the execution sale fails to pay the remainder of the purchase price within seven business days following the day of the execution sale pursuant to the provisions set forth in Paragraph 2(b) above, the United States Marshal shall commence proceeding for a new sale under the procedures established in the Writ of Execution. In addition, the defaulting successful bidder shall forfeit to the United States



the deposit, over the amount paid at the time of the execution sale pursuant to Paragraph 2(b) above or, at the election of the United States, shall be liable to the United States, on a subsequent sale of the property, for all net losses incurred by the United States as a result of such failure.

4. The execution sale will be made without any expressed or implied covenant or warranty.

5. The United States Marshal reserves the right to reject any bids not in conformance with the above requirements and to postpone the sale at anytime.

6. Immediately prior to the execution sale, any person or entity seeking to purchase the real property shall:

   a. disclose to the United States Marshal and to the current owners of the property whether that person or entity intends to purchase the real property for or on behalf of Lisa Chan, or for or on behalf of another person or entity;

   b. if the purchase is intended to be for or on behalf of another person or entity, disclose to the United States Marshal and to the current owners of the property the identity of such person or entity; and

   c. if the purchase is intended to be for or on behalf of Lisa Chan, or for or on behalf of another person or entity, disclose to the United States Marshal and to the current owners of the property the manner in which title to the real property is to be taken.

7. Please take notice that Bank of America has a lien against the property in the approximate principal amount of $700,000 and other liens including statutory liens may have been recorded against the property. **The buyer will take title to the property subject to those liens.** Interested parties are encouraged to obtain an accurate title report prior to bidding.

The real property is an occupied residence and will be opened for inspection and appraisal on January 22, 2008 and January 29, 2008, between 10:00 a.m. and 1:00 p.m.

Prospective bidders are referred to 28 U.S.C. § 3203(g) for more information on the sale procedures, including, but not limited to, provisions governing the terms, conditions and effect of the sale, and the liability of the defaulting successful bidder.

Attorney for creditor:
STEPHEN L. JOHNSON, AUSA
U.S. ATTORNEY'S OFFICE
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102

FEDERICO L. ROCHA
United States Marshal

By: <u>KELLY McGOWEN, SDUSM</u>

Dated: