ORIGINAL

1  JERRY Y. FONG, ESQ. (SBN 99673)
   CAREY & CAREY
2  706 COWPER STREET
   P.O. BOX 1040
3  PALO ALTO, CA 94302-1040
   650/328-5510
4  650/853-3632 fax

5  Attorneys for Plaintiff CHRIS YIU

6  LISA CHAN, *In Pro Per*
   44715 Aguila Terrace
7  Fremont, CA 94589

8  510/249-6435

9  *In Pro Per*

10

11

12                    UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                         SAN JOSE DIVISION

15 CHRIS YIU and LISA CHAN,           )   CASE NO.:   C 08-01051 PVT
                                      )
16         Plaintiffs,                )   DECLARATION OF ATTNY. JERRY
                                      )   FONG IN SUPPORT OF PLAINTIFFS'
17 vs.                                )   MOTION/APPLICATION FOR A
                                      )   TRO/PRELIMINARY INJUNCTION
18 UNITED STATES OF AMERICA,          )   TO STAY THE UNITED STATES OF
   and FEDERICO ROCHA, United         )   AMERICA FROM SELLING THEIR
19 States Marshal,                    )   FAMILY HOME.
                                      )
20         Defendants.                )
                                      )

21

22         I, Jerry Fong, declare:

23         1.    I am an attorney licensed to practice law before this Court and the attorney of

24 record for Plaintiff Chris Yiu.

25         2.    I make this declaration in support of the Plaintiffs' motion/application for a

26 Temporary Restraining Order and Preliminary Injunction, to stop and enjoin the Government

27 from proceeding with the involuntary sale of Chris Yiu and Lisa Chan's family home (at

28 44157 Aguilar Terrace, Fremont, California), scheduled to take place on Tuesday, February

---

1
ATTNY JERRY FONG DECL IN SUPPORT OF TRO/PRELIMINARY INJUNCTION APPLICATION

Filed FEB 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

1  26, 2008 at noon.

2      3.    I have personal knowledge of the matters alleged herein and, if called as a witness, can testify competently to the same.

4      4.    I was retained by Chris Yiu sometime in 2005, after the Government had moved, in the criminal case against Lisa Chan (United States District Court for the Northern District of California, Case No. CR 00-40146 CW, US v. Lisa Chan) for a writ of execution to sell Mr. Yiu and Ms. Chan's family home, to satisfy the remaining restitution order imposed against Ms. Chan as part of her criminal sentence. Ms. Chan had been sentenced in December, 2002. I did not represent Ms. Chan in her criminal case.

10      5.    In the context of the criminal case, I tried to argue that, before the Government can take his home from him, Mr. Yiu (who was never prosecuted and was not a participant to Lisa Chan's sentencing hearing or her criminal case) is entitled to a hearing on the correct amount of restitution and that he had not had such a hearing when the District Court set the restitution amount during Lisa Chan's sentencing hearing.

15      6.    To the best of my knowledge, the Government has not alleged that Chris Yiu's family home is subject to forfeiture. Instead, the Government is proceeding on the basis that the family home is subject to a writ of execution, to satisfy the restitution order imposed against Lisa Chan.

19      7.    Both the District Court and the Ninth Circuit rejected Chris Yiu's attempt to secure a hearing in which he could present evidence and legal arguments, on the determination of the correct amount of restitution.

22      8.    Recently, on or about January 31, 2008, I discovered that the alleged victim (and to whom the restitution would be paid), Microsoft Corporation, had entered, prior to the initiation of the criminal case against Lisa Chan, into a prior settlement agreement with Lisa Chan in a civil case before the Honorable Jeremy Fogel, Judge of the United States District Court for the Northern District of California (Case No. C 98-20178 JW).

27      9.    I immediately made arrangements to retrieve a copy of the court file of that earlier civil case, which is in storage in Brisbane, California. I did not obtain a copy of the

1 court's file until February 12 or 13, 2008 and did not have access to the Settlement
2 Agreement and related pleadings.

3     10. From my review of the file of the 1998 civil case between Microsoft and Lisa
4 Chan, I found the pleadings which make up a substantial portion of the present complaint for
5 declaratory relief and motion/application for the TRO and Preliminary Injunction. I believe
6 that these pleadings support the argument that Microsoft is not entitled to a restitution
7 amount of $4.5 million, ordered by the Court in Lisa Chan's criminal case.

8     11. Since I obtained the earlier civil case pleadings, I have worked diligently to
9 prepare the pleadings for the present complaint and motion/application for the TRO and
10 Preliminary Injunction.

11     12. Simultaneous with the filing of the motion for the TRO, I am sending notice
12 (by fax) to AUSA Stephen Johnson (at 415/436-7161), the prosecutor who has been handling
13 the Government's enforcement action and conducting the involuntary sale process, advising
14 him that I am making the motion/application for a TRO to enjoin the February 26, 2008 sale.
15 I am also having all moving pleadings hand-delivered to Mr. Johnson at the same time.

16     I declare under the penalty of perjury that the foregoing is true and correct. Executed
17 on February 22, 2008, in Palo Alto, California.



JERRY Y. FONG