**E-Filed 02/25/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRIS YIU and LISA CHAN,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, and<br>FEDERICO ROCHA, United States Marshal,<br><br>　　　　　　　　Defendants. | Case Number C 08-01051 JF<br><br>ORDER[1] DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

　　　　Plaintiff Chris Yiu ("Yiu") seeks a temporary restraining order ("TRO") enjoining the sale of real property, located at 44715 Aguilar Terrace, Fremont, California ("the Residence") by Federico Rocha, United States Marshal, on behalf of Defendant United States ("United States"). This case was randomly assigned to Magistrate Judge Trumbull. The United States declined to proceed before a magistrate judge, and the case was subsequently reassigned to this Court. This Court received Yiu's request for a temporary restraining order on February 25, 2008. The sale of real property is scheduled for February 26, 2008. For the reasons discussed below, the application for a TRO will be denied.

---

　　　　[1] This disposition is not designated for publication and may not be cited.

Case No. C 08–01051 JF
ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO
(JFLC3)

## I. BACKGROUND

In February 1998, Microsoft sued Plaintiff Lisa Chan "(Chan)" in this Court (C 98-20178 JF) to recover damages for copyright infringement and to obtain injunctive relief against future infringement. The Microsoft civil action was settled in January 1999.

Subsequently, on February 12, 2001, Chan was indicted and plead guilty to conspiracy to commit copyright fraud. She was sentenced by Judge Wilken to eighteen months imprisonment and ordered to pay restitution of $4,500,000 to Microsoft Corporation. On June 10, 2004, the United States filed an application seeking a Writ of Execution to sell the Residence, which was granted on November 4, 2004. Thereafter, Chan and Yiu, who is her husband, filed motion to quash the Writ. This motion was denied and, on June 6, 2005, they appealed to the Ninth Circuit. On July 13, 2007, the Court of Appeals affirmed Judge Wilken's judgment in every respect. According to the United States, Yiu and Chan made the same argument before the Ninth Circuit that they are making here, namely that the restitution order was unlawful. Subsequently, Judge Wilken ordered the Residence to be sold on February 26, 2008.

On February 21, 2008, Yiu filed the instant case in the San Jose Division. In this lawsuit, Yiu alleges that sale of the Residence is improper because the restitution order is unlawful. Yiu seeks a declaration that the sale of the Residence is not required because the sentencing court did not have jurisdiction over Yiu or authority to enter the restitution judgment. Yiu also filed a motion to relate this case to the Microsoft civil action. The United States has filed a motion to relate the case to the Microsoft criminal action.

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc.*

1  *v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two
2  points on a sliding scale in which the required degree of irreparable harm increases as the
3  probability of success decreases. *Roe*, 134 F.3d at 1402.
4      Yiu has filed his application for a TRO on the eve of the sale of the Residence. The
5  United States Marshal, pursuant to a Court Order from Judge Wilken on December 12, 2007,
6  opened the property to inspection to prospective bidders on January 22, 2008 and January 29,
7  2008. Yiu does not explain why he did not seek a temporary restraining order sooner. In any
8  event, this Court lacks jurisdiction to determine the lawfulness of Judge Wilken's Order,
9  particularly in light of the fact that the Order already has been upheld on appeal. It also appears
10 that because the Residence is located in Fremont, venue is the San Jose Division is improper.

### III. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the application for a temporary restraining order is DENIED.

DATED: February 25, 2008

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 08-01051 JF
ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO
(JFLC3)

1

2  Copies of Order served on:

3  jf@careyandcareylaw.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28